26UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamed A.<br>    Plaintiff, | No. 26-cv-136 (KMM/DJF) |
| v. | **ORDER** |
| Bondi, et al,<br><br>    Defendants. | |

This matter is before the Court on petitioner Mohamed A.'s petition for a writ of habeas corpus.[1] For the reasons set forth below, the Court grants Mohamed A.'s habeas petition.

## Background

Petitioner Mohamed A., a citizen of Djibouti, entered the country in 2023[2] [ECF 1, ¶ 3] Mohamed A. was taken into custody and then released from custody under an order of release on recognizance (OREC), issued pursuant to Section 236 of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1226. The OREC included certain conditions that Mohamed A. was required to follow and he did so. [ECF 1, ¶4] Mohamed A. was placed in full removal proceedings and has filed an Application for Asylum and for Withholding of Removal. [ECF 1, ¶5-6]

---

[1]    In keeping with this District's policy in immigration cases, the Court identifies petitioner by his first name and last initial or refers to him as Petitioner.

[2]    The Court bases this factual recitation on the averments in the Petition for a Writ of Habeas Corpus. [ECF 1] Respondents have provided no information or documentation about Mohamed A.'s detention, history, or status, opting to submit a one-page response to the petition that preserves its legal position for appellate review. The Court does not need to decide at this time whether this failure to respond as required to the Court's Order to Show Cause [ECF 4] provides an independent basis to order Petitioner's immediate release.

1

Mohamed A. was taken into custody on January 8, 2026, when he appeared for an "ICE check-in." [ECF 1, ¶ 7] No basis was given for taking him into custody and there is no indication that he violated any of the conditions of release. No warrant of arrest has been submitted, nor any documentation related to Mohamed A.'s current detention. He alleges that Respondents are detaining him pursuant to 8 U.S.C. § 1225, despite having previously released him pursuant to § 1226. [ECF 1, ¶ 8]

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) without a warrant, and they refer the Court to a brief submitted in a case pending before the Eighth Circuit, *Avile v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). [ECF 5]

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are living in the United States and who entered without inspection. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision – which mandates detention – does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country, and by many courts in this district. The government does not attempt to distinguish *Belsai D.S.,* implicitly and candidly conceding its relevance to Petitioner's case. Instead the Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex and the government's arguments

are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Mohamed A. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law. Respondents have pointed to no other provision that could alternatively support Mohamed A.'s detention.

### Propriety of Immediate Release

Petitioner Mohamed A. alleges that he should be immediately released. The Court agrees. The government has not claimed to have a "warrant issued by the Attorney General" supporting Mohamed A's arrest, nor his rearrest nor produced one to the Court. As another court in this district recently held "[s]ection 1226 provides that *'[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026). Judge Tostrud in *Ahmed* concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, like here, the petitioner had been rearrested with no warrant, and no allegation of a violation of the conditions of his previous release. Therefore the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB)(Order, January 12, 2026)(same).

The Respondents have neither provided an arrest warrant nor disputed whether such a warrant is necessary in their one-paragraph submission to this Court. The Respondents have also not pointed the Court to any basis in the law for revocation of Mohamed A.'s previous release order. This is so despite the fact that the Court Ordered them to produce "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition…." [ECF 4, ¶ 2a] And they have been on notice of the legal importance of the absence of an administrative warrant in cases such as these since at least late December, when the arguments were raised in similar cases in this District, and certainly since the decision in *Ahmed* a week ago ordering immediate release of a similarly situated petitioner. Therefore,

3

the Court joins other courts in this District (and elsewhere) and finds that the proper remedy in this case is immediate release.[3]

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Petitioner. Such release can be on the same terms and conditions that governed Mohamed A. through the original OREC.

4. Finally, the Court **ORDERS** Respondents to file notice on the docket within 24 hours of Petitioner's release, confirming that the release has occurred.

Date: January 15, 2026                          *s/Katherine M. Menendez*
                                                 Katherine M. Menendez
                                                 United States District Judge

---

[3] The Court suspects that the issue is not that the warrant exists and the government has simply not produced it. Instead, the record suggests that no warrant was issued for Mohamed A. because his detention was intended to be under § 1225, which does not have a parallel warrant requirement.